IN THE UNITED STATES DISTRICT COURT
EASRTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BEVERLY KEARNEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 2-03CV-162 |
| TOYOTA MOTOR CORPORATION, | § | |
| TOYOTA MOTOR MANUFACTURING | § | |
| NORTH AMERICA, INC., and | § | |
| TOYOTA MOTOR SALES USA, INC., | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BEVERLY KEARNEY, hereinafter referred to as Plaintiff, and files this her Original Complaint complaining of Toyota Motor Corporation, Toyota Motor Manufacturing North America, Inc., and Toyota Motor Sales USA, Inc., hereinafter referred to as Defendants, and for cause of action would respectfully show the Court and jury the following:

### I.
### PARTIES

1. Plaintiff Beverly Kearney resides in and is a citizen of Travis County, Austin, Texas.

2. Defendant Toyota Motor Corporation is a corporation organized under the laws of Japan and doing business in the State of Texas. Service of process may be had on this Defendant by serving its president, Shoichiro Toyoda, President, 1 Toyota-Cho, Toyota, 0471, Japan via registered mail.

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 1

3. Defendant Toyota Motor Manufacturing North America, Inc. is a foreign corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, Toshiaki 'Tag' Taguchi, at 25 Atlantic Avenue, Erlanger, KY 41018.

4. Defendant Toyota Motor Sales USA, Inc. is a foreign corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, Yoshima Inaba, at 19001 S. Western Ave., Torrence, CA 90501-1106.

## II.
## VENUE

5. This court has venue because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs.

## III.
## FACTS

6. On or about December 26, 2002, Beverly Kearney was a rear seated passenger in her 1999 Lexus LX 470 (with VIN# JT6HT00W6X0026957) traveling on Florida Highway State Road 8 near mile marker 324 in Baker County near Sanderson, Florida when the driver lost control of the vehicle and it ultimately rolled over.

8. At the time of the single vehicle accident, Beverly Kearney was properly wearing her 3-point seat belt yet was ejected when her buckle released and her door opened.

9. As a result of being ejected, Beverly Kearney was severely injured.

## IV.
## CAUSE OF ACTION AS TO DEFENDANTS TOYOTA MOTOR COMPANY, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., and TOYOTA MOTOR SALES USA, INC.

10. It was entirely foreseeable to and well-known by the Defendants that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

11. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

12. Defendants designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A)Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendants knew that the vehicle was susceptible to loss of control. Further, Defendant knew its seatbelt buckles were prone to open. Also, Defendant knew its doors were prone to open.

13. Defendants were negligent in the design, manufacture, assembly, marketing and testing of the vehicle in question. Further, Defendants failed to test it vehicles under rollover conditions to determine how they would perform under dynamic rollover conditions.

14. The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of the Plaintiff's damages.

15. The foregoing acts and omissions of Defendants were a producing and/or proximate cause of Plaintiff's injuries.

## V.
## PUNITIVE DAMAGES AS TO DEFENDANTS TOYOTA MOTOR COMPANY, TOYOTA MOTOR MANUFACTURING NORTH AMERICA, INC., and TOYOTA MOTOR SALES USA, INC.

16. Plaintiffs would show the Honorable Court that the acts and/or omissions of Defendants complained of hereinabove were engaged in knowingly and intentionally. Plaintiffs would further show the Court that Defendants designed, manufactured, assembled and marketed the vehicle in question, knowing that the vehicle was unreasonably dangerous and defective.

17. Additionally, Plaintiffs would show the Court that the acts of Defendants hereinabove specified were engaged in with conscious indifference and disregard for the rights and welfare of those persons whom the Defendants should have reasonably expected would purchase, lease or utilize the vehicle manufactured by Defendants.

18. For the acts and/or omissions of Defendants complained of hereinabove, Plaintiff prays judgment against Defendants for punitive damages in an amount within the jurisdictional limits of this Court.

## VI.
## DAMAGES TO PLAINTIFF

19. As a result of the acts and/or omissions of Defendants, Beverly Kearney experienced physical pain and suffering, extreme emotional distress and mental anguish, in the past and, in all likelihood will into the future, as a result of her injuries.

20. As a result of the acts and/or omissions of Defendants, Beverly Kearney has

suffered physical disfigurement, physical impairment and incapacity in the past, and in all likelihood, will into the future.

21. As a result of the acts and/or omissions of Defendants, Beverly Kearney has become obligated to pay necessary and reasonable medical expenses in the past and in all likelihood will into the future.

22. As a result of the acts and/or omissions of Defendants, Beverly Kearney has suffered a loss of earning capacity in the past and in all likelihood, will into the future.

23. The above and foregoing acts and/or omissions of Defendants, resulting in the injuries to Plaintiff has caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## VII.
## CLAIM FOR PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiff herein claims interest beginning December 26, 2002, in accordance with Article 5069-1.05 of V.A.T.S. and any other applicable law.

## VIII.
## JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein and that upon trial of this cause, this Honorable Court enter judgment for Plaintiff against Defendant for the damages requested herein, for cost of bringing this action, for prejudgment interest and post-judgment interest thereon provided by law from the date of the incident made the basis of this suit, and for such other relief as may appear to the Court to be proper.

Respectfully submitted,

TRACY & CARBOY

E. Todd Tracy
State Bar No. 20178650
Stewart D. Matthews
State Bar No. 24039042
5473 Blair Rd.
Suite 200
Dallas, Texas 75231
214/324-9000
972/387-2205 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 6