NO. FM4-01442

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| IMANI ALEAH SPARKS | § | 250TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | TRAVIS COUNTY, TEXAS |

## ORDER IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP

On _August 4_, 2004 the Court heard this case.

*Appearances*

Petitioner, Beverly Ann Kearney, appeared in person and through attorney of record, Deborah C. Coleman, Esq., and announced ready for trial.

Respondent, Melvin Royce Sparks, has made a general appearance and has agreed to the terms of this order, as evidenced by the signature of Respondent.

*Jurisdiction*

The Court, after examining the record and the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.

*Record*

The record of testimony was duly reported by the court reporter for the 250th Judicial District Court.

FILED #9

2004 AUG -4  AM 8: 53

EXHIBIT
A

*Child*

The Court finds that the following child is the subject of this suit:

Name:  Imani Aleah Sparks

Sex:  Female

Birth date:  12/29/1999

Home state:  Texas

Social Security Number:  _____

Driver's license number and issuing state:  None, Texas

*Conservatorship*

The Court finds that the following orders are in the best interest of the child.

IT IS ORDERED that Beverly Ann Kearney and Melvin Royce Sparks are appointed Joint Managing Conservators of the following child:  Imani Aleah Sparks.

IT IS ORDERED that, at all times, Beverly Ann Kearney, as a nonparent joint managing conservator, shall have the following rights:

1. the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2. the right to confer with the other conservator to the extent possible before making a decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities;

7.   the right to be designated on the child's records as a person to be notified in case of an emergency;

8.   the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.   the right to manage the estate of the child to the extent the estate has been created by the conservator or the conservator's family.

IT IS ORDERED that, at all times, Melvin Royce Sparks, as a parent joint managing conservator, shall have the following rights:

1.   the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.   the right to confer with the other conservator to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.   the right of access to medical, dental, psychological, and educational records of the child;

4.   the right to consult with a physician, dentist, or psychologist of the child;

5.   the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6.   the right to attend school activities;

7.   the right to be designated on the child's records as a person to be notified in case of an emergency;

8.   the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.   the right to manage the estate of the child to the extent the estate has been created by the conservator or the conservator's family.

IT IS ORDERED that, at all times, Beverly Ann Kearney and Melvin Royce Sparks, as joint managing conservators, shall each have the following duties:

1.   the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child; and

ORDER IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP

2.    the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE PERSON FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her respective periods of possession, Beverly Ann Kearney, as nonparent joint managing conservator, shall have the following rights and duties:

1.    the duty of care, control, protection, and reasonable discipline of the child;

2.    the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.    the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.    the right to direct the moral and religious training of the child.

IT IS ORDERED that, during his respective periods of possession, Melvin Royce Sparks, as parent joint managing conservator, shall have the following rights and duties:

1.    the duty of care, control, protection, and reasonable discipline of the child;

2.    the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.    the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.    the right to direct the moral and religious training of the child.

IT IS ORDERED that Beverly Ann Kearney, as a nonparent joint managing conservator, shall have the following rights and duty:

1. the exclusive right to designate the primary residence of the child within Travis county and its contiguous counties;

2. the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment of the child;

3. the exclusive right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child

4. the independent right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

5. the independent right to consent to marriage and to enlistment in the armed forces of the United States;

6. the exclusive right to make decisions concerning the child's education;

7. except as provided by section 264.0111 of the Texas Family Code, the independent right to the services and earnings of the child;

8. except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the independent right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government; and

9. the exclusive duty to manage the estate of the child to the extent the estate has been created by the joint property of the conservators.

IT IS ORDERED that Melvin Royce Sparks, as a parent joint managing conservator, shall have the following rights and duty:

1. the independent right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

2. the independent right to consent to marriage and to enlistment in the armed forces of the United States;

3. except as provided by section 264.0111 of the Texas Family Code, the independent right to the services and earnings of the child; and

4.    except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the independent right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government.

The Court finds that, in accordance with section 153.001 of the Texas Family Code, it is the public policy of Texas to assure that children will have frequent and continuing contact with conservators who have shown the ability to act in the best interest of the child, to provide a safe, stable, and nonviolent environment for the child, and to encourage conservators to share in the rights and duties of raising the child. IT IS ORDERED that the primary residence of the child shall be Travis county and its contiguous counties, and the parties shall not remove the child from Travis county and its contiguous counties for the purpose of changing the primary residence of the child until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court. IT IS FURTHER ORDERED that Beverly Ann Kearney shall have the exclusive right to designate the child's primary residence within Travis county and its contiguous counties. IT IS ORDERED that this geographical restriction on the residence of the child shall be lifted if, at the time Beverly Ann Kearney wishes to remove the child from Travis county and its contiguous counties for the purpose of changing the primary residence of the child, Melvin Royce Sparks does not reside in Travis county and its contiguous counties.

IT IS ORDERED that Beverly Ann Kearney is the sole person authorized to apply for a passport for the child, Imani Aleah Sparks.

*Possession and Access*

1.    Standard Possession Order

The Court finds that the following provisions of this Standard Possession Order are intended to and do comply with the requirements of Texas Family Code sections 153.311 through 153.317. IT IS ORDERED that each conservator shall comply with all terms and conditions of this Standard Possession Order. IT IS ORDERED that this Standard Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a)    Definitions

1.    In this Standard Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2.    In this Standard Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)    Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Standard Possession Order.

(c)    Conservators Who Reside 100 Miles or Less Apart

Except as otherwise explicitly provided in this Standard Possession Order, when Melvin Royce Sparks resides 100 miles or less from the primary residence of the child, Melvin Royce Sparks shall have the right to possession of the child as follows:

1.    Weekends - On weekends, beginning at 5:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2.    Weekend Possession Extended by a Holiday - Except as otherwise explicitly provided in this Standard Possession Order, if a weekend period of possession by Melvin Royce Sparks begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable.

3.    Thursdays - On Thursday of each week during the regular school term, beginning at 6:00 p.m. and ending at 8:00 p.m.

4.    Spring Break in Even-Numbered Years - In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

5.    Extended Summer Possession by Melvin Royce Sparks -

With Written Notice by April 1 - If Melvin Royce Sparks gives Beverly Ann Kearney written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Melvin Royce Sparks shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

Without Written Notice by April 1 - If Melvin Royce Sparks does not give Beverly Ann Kearney written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Melvin Royce Sparks shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the weekend and Thursday periods of possession ORDERED for Melvin Royce Sparks, it is explicitly ORDERED that Beverly Ann Kearney shall have a superior right of possession of the child as follows:

1.    Spring Break in Odd-Numbered Years - In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

2.     Summer Weekend Possession by Beverly Ann Kearney - If Beverly Ann Kearney gives Melvin Royce Sparks written notice by April 15 of a year, Beverly Ann Kearney shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by Melvin Royce Sparks in that year, provided that Beverly Ann Kearney picks up the child from Melvin Royce Sparks and returns the child to that same place and that the weekend so designated does not interfere with Father's Day Weekend.

3.     Extended Summer Possession by Beverly Ann Kearney - If Beverly Ann Kearney gives Melvin Royce Sparks written notice by April 15 of a year or gives Melvin Royce Sparks fourteen days' written notice on or after April 16 of a year, Beverly Ann Kearney may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by Melvin Royce Sparks shall not take place in that year, provided that the weekend so designated does not interfere with Melvin Royce Sparks's period or periods of extended summer possession or with Father's Day Weekend.

(d)     Conservators Who Reside More Than 100 Miles Apart

Except as otherwise explicitly provided in this Standard Possession Order, when Melvin Royce Sparks resides more than 100 miles from the residence of the child, Melvin Royce Sparks shall have the right to possession of the child as follows:

1.     Weekends - Unless Melvin Royce Sparks elects the alternative period of weekend possession described in the next paragraph, Melvin Royce Sparks shall have the right to possession of the child on weekends, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday. Except as otherwise explicitly provided in this Standard Possession Order, if such a weekend period of possession by Melvin Royce Sparks begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable.

Alternate Weekend Possession - In lieu of the weekend possession described in the foregoing paragraph, Melvin Royce Sparks shall have the right to possession of the child not more than one weekend per month of Melvin Royce Sparks's choice beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. Except as otherwise

explicitly provided in this Standard Possession Order, if such a weekend period of possession by Melvin Royce Sparks begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable. Melvin Royce Sparks may elect an option for this alternative period of weekend possession by giving written notice to Beverly Ann Kearney within ninety days after the parties begin to reside more than 100 miles apart. If Melvin Royce Sparks makes this election, Melvin Royce Sparks shall give Beverly Ann Kearney fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, and the child's birthday below.

2.      Spring Break in All Years - Every year, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

3.      Extended Summer Possession by Melvin Royce Sparks -

With Written Notice by April 1 - If Melvin Royce Sparks gives Beverly Ann Kearney written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Melvin Royce Sparks shall have possession of the child for forty-two days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

Without Written Notice by April 1 - If Melvin Royce Sparks does not give Beverly Ann Kearney written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Melvin Royce Sparks shall have possession of the child for forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27 of that year.

Notwithstanding the weekend periods of possession ORDERED for Melvin Royce Sparks, it is explicitly ORDERED that Beverly Ann Kearney shall have a superior right of possession of the child as follows:

1.      Summer Weekend Possession by Beverly Ann Kearney - If Beverly Ann Kearney gives Melvin Royce Sparks written notice by April 15 of a year, Beverly Ann Kearney shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday

during any one period of possession by Melvin Royce Sparks during Melvin Royce Sparks's extended summer possession in that year, provided that if a period of possession by Melvin Royce Sparks in that year exceeds thirty days, Beverly Ann Kearney may have possession of the child under the terms of this provision on any two nonconsecutive weekends during that period and provided that Beverly Ann Kearney picks up the child from Melvin Royce Sparks and returns the child to that same place and that the weekend so designated does not interfere with Father's Day Weekend.

2.     Extended Summer Possession by Beverly Ann Kearney - If Beverly Ann Kearney gives Melvin Royce Sparks written notice by April 15 of a year, Beverly Ann Kearney may designate twenty-one days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, during which Melvin Royce Sparks shall not have possession of the child, provided that the period or periods so designated do not interfere with Melvin Royce Sparks's period or periods of extended summer possession or with Father's Day Weekend.

(e)     Holidays Unaffected by Distance

Notwithstanding the weekend and Thursday periods of possession of Melvin Royce Sparks, Beverly Ann Kearney and Melvin Royce Sparks shall have the right to possession of the child as follows:

1.     Christmas Holidays in Even-Numbered Years - In even-numbered years, Melvin Royce Sparks shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 26, and Beverly Ann Kearney shall have the right to possession of the child beginning at noon on December 26 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

2.     Christmas Holidays in Odd-Numbered Years - In odd-numbered years, Beverly Ann Kearney shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 26, and Melvin Royce Sparks shall have the right to possession of the child beginning at noon on December 26 and ending at 6:00 p.m. on the day before the child's school resumes after that Christmas school vacation.

3.     Thanksgiving in Odd-Numbered Years - In odd-numbered years, Melvin Royce Sparks shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

4. Thanksgiving in Even-Numbered Years - In even-numbered years, Beverly Ann Kearney shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

5. Child's Birthday - If a conservator is not otherwise entitled under this Standard Possession Order to present possession of the child on the child's birthday, that conservator shall have possession of the child beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that conservator picks up the child from the other conservator's residence and returns the child to that same place.

6. Father's Day Weekend - Melvin Royce Sparks shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that if Melvin Royce Sparks is not otherwise entitled under this Standard Possession Order to present possession of the child, he shall pick up the child from Beverly Ann Kearney's residence and return the child to that same place.

(f)     Undesignated Periods of Possession

Beverly Ann Kearney shall have the right of possession of the child at all other times not specifically designated in this Standard Possession Order for Melvin Royce Sparks.

(g)     General Terms and Conditions

Except as otherwise explicitly provided in this Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a conservator and the child are as follows:

1. Surrender of Child by Beverly Ann Kearney - Beverly Ann Kearney is ORDERED to surrender the child to Melvin Royce Sparks at the beginning of each period of Melvin Royce Sparks's possession at the residence of Beverly Ann Kearney.

2. Return of Child by Melvin Royce Sparks - Melvin Royce Sparks is ORDERED to return the child to the residence of Beverly Ann Kearney at the end of each period of possession. However, it is ORDERED that, if Beverly Ann Kearney and Melvin Royce Sparks live in the same county at the time of rendition of this order, Melvin Royce Sparks's county of residence remains the same after rendition of this order, and Beverly Ann Kearney's county of residence changes, effective on the date of the change of residence by Beverly Ann Kearney. Melvin Royce Sparks shall surrender the child to Beverly Ann Kearney at the residence of Melvin Royce Sparks at the end of each period of possession.

3.     Surrender of Child by Melvin Royce Sparks - Melvin Royce Sparks is ORDERED to surrender the child to Beverly Ann Kearney, if the child is in Melvin Royce Sparks's possession or subject to Melvin Royce Sparks's control, at the beginning of each period of Beverly Ann Kearney's exclusive periods of possession, at the place designated in this Standard Possession Order.

4.     Return of Child by Beverly Ann Kearney - Beverly Ann Kearney is ORDERED to return the child to Melvin Royce Sparks, if Melvin Royce Sparks is entitled to possession of the child, at the end of each of Beverly Ann Kearney's exclusive periods of possession, at the place designated in this Standard Possession Order.

5.     Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6.     Designation of Competent Adult - Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7.     Inability to Exercise Possession - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8.     Written Notice - Written notice shall be deemed to have been timely made if received or postmarked before or at the time that notice is due.

This concludes the Standard Possession Order.

2.     Duration

The periods of possession ordered above apply to the child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

3.    Termination of Orders

The provisions of this order relating to conservatorship, possession, or access terminate on the marriage of Beverly Ann Kearney to Melvin Royce Sparks unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code.

4.    Notice to Peace Officers

**NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.**

*Alternative Dispute Resolution*

It is agreed that before setting any hearing or initiating discovery in a suit for modification of the terms and conditions of conservatorship, possession, or support of the child, except in an emergency, the parties shall mediate the controversy in good faith. This requirement does not apply

to actions brought to enforce this order or to enforce any subsequent modifications of this order. It is agreed that the party wishing to modify the terms and conditions of conservatorship, possession, or support of the child shall give written notice to the other party of a desire to mediate the controversy. If, within ten days after receipt of the written notice, the parties cannot agree on a mediator or the other party does not agree to attend mediation or fails to attend a scheduled mediation of the controversy, the party desiring modification shall be released from the obligation to mediate and shall be free to file suit for modification.

## Child Support

No child support is ordered to be paid at this time

## Health Care

IT IS ORDERED that medical support shall be provided for the child as follows:

1.    Beverly Ann Kearney's Responsibility - It is the intent and purpose of this order that Beverly Ann Kearney shall, at all times, provide medical support for the child as child support. IT IS THEREFORE ORDERED that, as child support, Beverly Ann Kearney shall provide medical support for the child, for as long as either party has a legal duty to support the child subject of this order, as set out herein.

2.    Definitions - "Health insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, and may be provided in the form of an indemnity insurance contract or plan, a preferred provider organization or plan, a health maintenance organization, or any combination thereof.

"Reasonable cost" means the cost of a health insurance premium that does not exceed 10 percent of the responsible parent's net income in a month.

3.        Insurance through Beverly Ann Kearney's Employment, Union, Trade Association, or Other Organization - The Court finds that the child is currently enrolled as a beneficiary of a health insurance plan provided through Beverly Ann Kearney's employment or membership in a union, trade association, or other organization at a reasonable cost.  IT IS ORDERED that Beverly Ann Kearney shall, at her sole cost and expense, keep and maintain at all times in full force and effect the same or equivalent health insurance coverage that insures the child through Beverly Ann Kearney's employer, union, trade association, or other organization as issued by them, for as long as it is offered by her employer, union, trade association, or other organization.  If her employer, union, trade association, or other organization subsequently changes health insurance benefits or carriers, Beverly Ann Kearney is ORDERED to obtain and maintain the same or equivalent health insurance coverage for the benefit of the child through the successor company or through such health insurance plan as is available through other employment, union, trade association, or other organization or other insurance provider.

Insurance through Melvin Royce Sparks's Employment, Union, Trade Association, or Other Organization - If health insurance for the child ceases to be available through Beverly Ann Kearney's employer, union, trade association, or other organization but is available at a reasonable cost through Melvin Royce Sparks's employer or other organization, Melvin Royce Sparks is ORDERED to have the child covered on his health insurance and Beverly Ann Kearney is ORDERED to pay Melvin Royce Sparks at his last known address the cost of insuring the child on Melvin Royce Sparks's health insurance plan, beginning on the first day of the month following the date Beverly Ann

Kearney first receives written notice of the amount of the premium from Melvin Royce Sparks. Accompanying the first such written notification and any subsequent notifications informing of a change in the premium amount, Melvin Royce Sparks is ORDERED to provide Beverly Ann Kearney with documentation from his employer, union, trade association, or other organization of the cost to Melvin Royce Sparks of providing coverage for the child.

4.      Conversion of Policy - IT IS ORDERED that if the party through whose employment or membership in a union, trade association, or other organization health insurance has been provided for the child is leaving that employment, union, trade association, or other organization or for any other reason health insurance will not be available for the child through the employment or membership in a union, trade association, or other organization of either party at a reasonable cost, the party leaving employment or losing coverage shall, within ten days of termination of his or her employment or coverage, convert the policy to individual coverage for the child in an amount equal to or exceeding the coverage at the time his or her employment or coverage is terminated. Further, if that health insurance was available through Melvin Royce Sparks's employment or membership in a union, trade association, or other organization, Beverly Ann Kearney shall reimburse Melvin Royce Sparks for the cost of the converted policy as follows:  Beverly Ann Kearney is ORDERED to pay to Melvin Royce Sparks at Melvin Royce Sparks's last known address the cost of insuring the child under the converted policy, on the first day of each month after Beverly Ann Kearney first receives written notice of the premium from Melvin Royce Sparks for payment. Accompanying the first such written notification and any subsequent notifications informing of a change in the premium amount, Melvin Royce Sparks is ORDERED to provide Beverly Ann Kearney with documentation from the carrier of the cost to Melvin Royce Sparks of providing coverage for the child.

5.    If Policy Not Convertible - If the health insurance policy covering the child is not convertible at a reasonable cost and if no health insurance is available for the child through the employment or membership in a union, trade association, or other organization of either party at a reasonable cost, IT IS ORDERED that Beverly Ann Kearney shall purchase and maintain, at her sole cost and expense, health insurance coverage for the child in an amount that is reasonably equivalent to the prior health coverage.  Beverly Ann Kearney is ORDERED to provide verification of the purchase of the insurance to Melvin Royce Sparks at his last known address, including the insurance certificate number and the plan summary, no later than 10 days following the issuance of the policy.

6.    Claim Forms - Except as provided in paragraph 8 below, the party who is not carrying the health insurance policy covering the child is ORDERED to submit to the party carrying the policy, within ten days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the child.

The party who is carrying the health insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the child to the insurance carrier within ten days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

7.    Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the party who incurred and paid those expenses.  IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses incurred and paid by the other party, and the party carrying the policy shall endorse and

forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

8.      Filing by Party Not Carrying Insurance - In accordance with article 3.51-13 of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the child may, at that party's option, file directly with the insurance carrier with whom coverage is provided for the benefit of the child any claims for health-care expenses, including, but not limited to, medical, hospitalization, and dental costs and receive payments directly from the insurance company.

9.      Secondary Coverage - IT IS ORDERED that nothing in this order shall prevent either party from providing secondary health insurance coverage for the child at that party's sole cost and expense. IT IS FURTHER ORDERED that if a party provides secondary health insurance coverage for the child, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the party who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

10.      Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the child in order to assure maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to carrier, second opinions, and the like. Each party is ORDERED to attempt to use "preferred providers," or services within the health maintenance organization, if applicable; however, this provision shall not apply if emergency care is required. Disallowance of the bill by a health insurer

shall not excuse the obligation of either party to make payment; however, if a bill is disallowed or the benefit reduced because of the failure of a party to follow procedures or requirements of the carrier, IT IS ORDERED that the party failing to follow the carrier's procedures or requirements shall be wholly responsible for the increased portion of that bill.

IT IS FURTHER ORDERED that no surgical procedure, other than in an emergency or those covered by insurance, shall be performed on the child unless the conservator consenting to surgery has first consulted with at least two medical doctors, both of whom state an opinion that the surgery is medically necessary.  IT IS FURTHER ORDERED that a conservator who fails to obtain the required medical opinions before consent to surgery on the child shall be wholly responsible for all medical and hospital expense incurred in connection therewith.

If health insurance coverage for the child is provided through a health maintenance organization (HMO) or preferred provider organization (PPO), the parties are ORDERED to use health-care providers who are employed by the HMO or approved by the PPO whenever feasible.  If health-care expenses are incurred by using that HMO or PPO plan, Beverly Ann Kearney is ORDERED to pay 50 percent and Melvin Royce Sparks is ORDERED to pay 50 percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the child, including, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges.  If a party incurs health-care expenses for a child by using the services of health-care providers not employed by the HMO or approved by the PPO, except in an emergency, without the written agreement of the other party, the party incurring the services is ORDERED to pay 100 percent and the other party is ORDERED to pay 0 percent of

all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the child, as set out above. If a party incurs health-care expenses for a child by using the services of health-care providers not employed by the HMO or approved by the PPO in an emergency or with the written agreement of the other party, the party incurring the services is ORDERED to pay 50 percent and the other party is ORDERED to pay 50 percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the child, as set out above.

If the child is enrolled in a health-care plan that is not an HMO or a PPO, Beverly Ann Kearney is ORDERED to pay 50 percent and Melvin Royce Sparks is ORDERED to pay 50 percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the child, including, without limitation, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges.

11.     Payment of Uninsured Expenses - IT IS ORDERED that the party who pays for a health-care expense on behalf of the child shall submit to the other party, within ten days of receiving them, all forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of the child. IT IS FURTHER ORDERED that, within ten days after the nonpaying party receives the explanation of benefits stating benefits paid, that party shall pay his or her share of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the paying party for any advance payment exceeding the paying party's share of the expenses.

12.    Exclusions - The provisions above concerning uninsured expenses shall not be interpreted to include expenses for travel to and from the health-care provider or for nonprescription medication.

13.    Reasonableness of Charges - IT IS ORDERED that reasonableness of the charges for health-care expenses shall be presumed on presentation of the bill to a party and that disallowance of the bill by a health insurer shall not excuse that party's obligation to make payment or reimbursement as otherwise provided herein.

14.    Information Required - IT IS ORDERED that a party providing health insurance shall furnish to the other party the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

(a)    the Social Security number of the party providing insurance;

(b)    the name and address of the employer of the party providing insurance;

(c)    whether the employer is self-insured or has health insurance available;

(d)    proof that health insurance has been provided for the child; and

(e)    the name of the health insurance carrier, the number of the policy, a copy of the policy and schedule of benefits, a health insurance membership card, claim forms, and any other information necessary to submit a claim or, if the employer is self-insured, a copy of the schedule of benefits, a membership card, claim forms, and any other information necessary to submit a claim.

IT IS FURTHER ORDERED that any party carrying health insurance on the child shall furnish to the other party a copy of any renewals or changes to the policy no later than the fifteenth day after the renewal or change is received.

IT IS FURTHER ORDERED that a party providing health insurance shall provide to the other party any additional information regarding health insurance coverage that becomes available to the party providing insurance. IT IS FURTHER ORDERED that the information shall be provided no later than the fifteenth day after the date the information is received

15.     Termination or Lapse of Insurance - If the health insurance coverage for the child lapses or terminates, the party who is providing the insurance is ORDERED to notify the other party no later than the fifteenth day after the date of termination or lapse. If additional health insurance is available or becomes available at a reasonable cost to Beverly Ann Kearney for the child, Beverly Ann Kearney is ORDERED to notify Melvin Royce Sparks no later than the fifteenth day after the date the insurance becomes available and to enroll the child in a health insurance plan at the next available enrollment period.

16.     Place of Transmittal - IT IS ORDERED that all bills, invoices, statements, claims, explanations of benefits, insurance policies, medical insurance identification cards, other documents, and written notices, as well as payments, required to be transmitted by one party to the other under the health-care coverage and health insurance provisions of this order shall be transmitted by the sending party to the residence of the receiving party.

17.     WARNING - A CONSERVATOR ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER CONSERVATOR ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER

THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED. AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILD.

*Medical Notification*

Each party is ORDERED to inform the other party within twenty-four hours of any medical condition of the child requiring surgical intervention, hospitalization, or both.

*Required Information*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: Beverly Ann Kearney

Social Security number: 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

Driver's license number and issuing state: Texas DL# 05422049

Current residence address: 6409 Aden Lane, Austing, Texas 78739

Mailing address: 6409 Aden Lane, Austing, Texas 78739

Home telephone number: 512-301-1693

Name of employer: The University of Texas

Address of employment: Bellmont Hall 324, Women's Athletics, Austin, Texas 78712-1286

Work telephone number: 512-471-9146

Name: Melvin Royce Sparks

Social Security number: 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

Driver's license number and issuing state: Texas DL# 02585-63

Current residence address: 15835 Foothill Farm Road #2521. Pflugerville, Texas 78660

Mailing address: 15835 Foothill Farm Road #2521, Pflugerville, Texas 78660

Home telephone number: _____

Name of employer: The University of Texas

Address of employment: Police Office, Austin, Texas

Work telephone number: _____

*Required Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the court clerk. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, P.O. Box 12017, Austin, Texas 78711-2017.

*Warnings*

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

### Confidentiality

The parties agree that they will not discuss the terms of this order with anyone other than for purposes of enforcement or modification of this decree or as required by law.

### Litigation Proceeds

Should any monies become available to Imani Aleah Sparks as the result of litigation proceeds, then Beverly Kearney shall not have any say with regard to the funds.

### Attorney's Fees

IT IS ORDERED that attorney's fees are to be borne by the party who incurred them.

### Costs

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

### Discharge from Discovery Retention Requirement

IT IS ORDERED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

### Relief Not Granted

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

*Date of Order*

SIGNED on _August 4, 2004_

_____
JUDGE PRESIDING

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____
Petitioner

_____
Respondent

APPROVED AS TO FORM ONLY:

Kimberly A. Stovall & Associates, P.C.
North Central Plaza Three
12801 North Central Expressway, Suite 550
Dallas, Texas 75243
Tel: (972) 774-1276
Fax: (972) 774-0733

By: _____
Deborah C. Coleman, Esq.
State Bar No. 00793532
Attorney for Petitioner

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 04-12-05

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy: _____

ORDER IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP



TOTAL P.29